UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK SEIDENBERG, *et al.*, | ) |
|     Plaintiffs, | ) Case No. 2:12-cv-01630-LRH-CWH |
| vs. | ) **ORDER** |
| MICHAEL ROSS, *et al.*, | ) |
|     Defendants. | ) |

    This matter is before the Court on Plaintiff Mark Seidenberg's Ex Parte Motion for Order Authorizing Substituted Service (#3), filed December 26, 2012.

    Plaintiff's ex parte motion makes two requests: (1) that the Court authorize substituted service on Defendant Pintree Village, Ltd., and (2) that the Court extend the time for service under Rule 4(m). Plaintiff does not provide any points or authorities in support of his request for substituted service. "The failure of a moving party to file points and authorities in support of the motion shall constitute consent to the denial of the motion." *See* Local Rule ("LR") 7-2(d). Plaintiff is instructed to refile his motion for substituted service with authorities that support his requested relief.

    Plaintiff also requests an extension, unspecified in temporal scope, to the 120-day time period for service under Federal Rule of Civil Procedure 4(m). Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041(9th Cir. 2003). The 120-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v.*

*United States*, 517 U.S. 654, 661 (1996).  "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired.  Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period."  *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).  Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown."  See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.  Generally, "good cause" is equated with diligence.  *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337.

The complaint in this matter was filed on September 17, 2012.  (#1).  Thus, the 120-day time period for service expires on January 15, 2013.  Upon review of Plaintiff's ex parte motion (#3), the Court finds that Plaintiff has been diligent in his ongoing efforts to serve Defendant Pine Tree Village, Ltd.  Consequently, Plaintiff's request for an extension of time to accomplish service will be extended for an additional sixty (60) days.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff Mark Seidenberg's Ex Parte Motion for Order Authorizing Substituted Service (#3) is **granted in part and denied in part**.  Plaintiff is instructed to refile his motion for substituted service with supporting authorities.

**IT IS FURTHER ORDERED** that the time period for service under Rule 4(m) is extended for an additional sixty (60) days until March 18, 2013.

DATED this 10th day of January, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**