**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TREES WOWOR, *et al*, | Case No. 2:12-cv-01630-APG-CWH |
| Plaintiffs, | **ORDER DISMISSING CASE** |
| v. | |
| MICHAEL ROSS, *et al*, | |
| Defendants. | |

Before the Court are the following:

1. Motion to Dismiss with Prejudice [Dkt #9], filed by Michael Ross, in his capacity as Trustee of the Harry Ross and Anna Ross Revocable Trust, dated July 9, 1987 as restated on May 10, 1993, and as amended as to the Survivor's Trust only on August 31, 2000; the Estate of Harry Mathias Ross; and Michael Ross, in his capacity as special administrator of the Estate of Harry Mathias Ross ("defendants"); and

2. Pinetree Village, Ltd.'s Motion to Dismiss [Dkt #12].

In their Oppositions to the above Motions, Plaintiffs consent to the dismissal of this matter. The only dispute is whether dismissal should be with or without prejudice.

In their Complaint, Plaintiffs allege that they are residents of California. Plaintiffs also allege that defendant Pinetree Village, Ltd. is a California limited partnership. "[A]n incorporated association such as a partnership has the citizenship of all of its members." *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3rd 894, 899 (9th Cir. 2006) (*citing*

*Carden v. Arkoma Associates*, 494 U.S.185, 195-96 (1990)).  The only members of Pinetree Village, Ltd. were Harry Ross and Rudolph Silva, both of whom are residents of California.  Because there is not complete diversity of citizenship among the plaintiffs and defendants as required under 28 U.S.C. § 1332, this Court lacks jurisdiction over this dispute.

Moreover, this Court lacks personal jurisdiction over Pinetree Village, Ltd.  As detailed in Pinetree Village, Ltd.'s Motion to Dismiss [Dkt #12], and tacitly admitted by plaintiffs (by failing to rebut the factual allegations in the Motion), Pinetree Village, Ltd. lacks sufficient minimum contacts with Nevada. Thus, "the maintainence of the suit [would] offend 'traditional notions of fair play and substantial justice.'"  *Helicopteros Nacionales de Columbia AA v. Hall, et al.*, 466 U.S. 408, 104, S.Ct. 1868, L.Ed. 2nd 404 (1984) (*citing International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).  This Court lacks general and specific personal jurisdiction over Pinetree Village, Ltd.

Because this Court lacks jurisdiction over this dispute and personal jurisdiction over Pinetree Village, Ltd., dismissal should be without prejudice to Plaintiffs' ability to litigate its claims in the appropriate forum.  Accordingly,

**IT IS HEREBY ORDERED** that this case is DISMISSED without prejudice to Plaintiffs' ability to litigate its claims in the appropriate forum.

The Clerk of the Court shall enter judgment accordingly.

Dated:  May 14, 2013

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

2